NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO HERNANDEZ, | No. 23-3306 |
| Plaintiff - Appellant, | D.C. No. 1:20-cv-01019-ADA-SAB |
| v. | MEMORANDUM[*] |
| IFEOMA OGBUEHI; B. GONZALES, Registered Nurse; O. ONYEJE, Chief Medical Executive; J. CLARK KELSO, Receiver, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ana I. de Alba, District Judge, Presiding

Submitted April 22, 2025[**]

Before:      GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

California state prisoner Armando Hernandez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment deliberate indifference and First Amendment retaliation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Hernandez's Eighth Amendment deliberate indifference claim because Hernandez failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Hernandez's pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (requiring a showing that chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to prisoner's health, and explaining that a difference of medical opinion concerning what medical care is appropriate does not establish deliberate indifference).

The district court properly granted summary judgment on Hernandez's First Amendment retaliation claim as to defendant Ogbuehi because Hernandez failed to raise a genuine dispute of material fact regarding whether Ogbuehi took an adverse action because of Hernandez's protected activity. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of retaliation claim in the prison context).

However, summary judgment was improper on the retaliation claim as to defendant Gonzales because the record reflects that Gonzales told Hernandez "to

2                                                                          23-3306

withdraw [your] grievance to avoid any trouble" and that life would get "harder" if he continued with the grievance. Taking this evidence in the light most favorable to Hernandez, a genuine dispute of material fact exists as to whether Gonzales retaliated against Hernandez. *See Brodheim v. Cry*, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (explaining that "the mere *threat* of harm . . . , regardless of whether it is carried out," can constitute an adverse action).

The district court did not abuse its discretion in denying Hernandez's motion to appoint counsel because this case does not present exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel for indigent civil litigants).

The district court did not abuse its discretion in denying Hernandez's motion to appoint an expert witness on his behalf because Federal Rule of Evidence 706(a) authorizes the appointment of a neutral expert witness, not of an advocate, and the court determined that appointment of a neutral expert witness was not necessary. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review for appointment of an expert under Federal Rule of Evidence 706).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**